McKinney, J.,
delivered the opinion of the Court.
This was an action of trover, for the conversion of a slave. Judgment for the plaintiffs for one thousand dollars damages.
Jordan, as guardian of the defendants in error, who are minors, hired the slave to Huggins & Ransom for the year 1857, who were proprietors of a steam flouring mill. By the terms of the contract, the slave was to work in the mill, but was not “to work or act as fireman.” The proof shows, that, on different occasions, the slave was required to act as “ fireman;” and that he was szt5-hired to one Miller for some length of time. There is proof tending to show that Jordan, after the date of the contract, consented to the sub-hiring, and also that the slave might act as fireman.
The Court instructed the jury, that “ for either one of these acts, wilfully done, the defendants would be liable in this action, unless the consent of Jordan, upon a sufficient consideration, was first obtained.” But that, if “ after the written contract wrns executed, and before breach, Jordan consented that the hoy should he employed as a fireman occasionally, and also consented that he might he sub-hired to Miller, in neither event would it amount to a conversion.”
*428 The error of this instruction, as argued, is the assumption that a consideration was essential to make the consent of Jordan effectual. This objection cannot he maintained. Although, from the first part of the charge, it might seem that the Judge intended to assert that Jordan’s consent would be inoperative unless based upon a “sufficient consideration;” yet, taking the charge altogether, it cannot be so understood. In the afterpart, the Judge, in stating the principle by which the jury are to be governed, drops the idea of a consideration; and from the whole charge it is obvious that this idea is a mere abstraction, not designed to have any practical effect. But if it were otherwise, it would be no ground for a reversal of the judgment. In our view, the question in regard to the consent of Jordan was irrelevant. We are aware of no principle upon which it can be held, that a guardian may consent to the conversion of his ward’s property, and thereby defeat a recovery in an action of trover brought by them for the value of the property. We think the guardian is possessed of no such power. With us, a guardian has only a naked authority, not coupled with an interest. 1 Parson’s on Con., 114. In this view, the error of the charge was in favor of the appellants.
Another question has been made. There was a former trial and verdict for the plaintiffs below. A new trial was granted, to which the plaintiffs excepted, and a bill of exceptions was tendered and signed, setting forth the evidence and the exceptions, which forms part of this record. We have held on a former occasion, in a case not reported, after a careful examination of the books, that, under our system, the discretion of a Circuit Judge, in granting a new trial, cannot properly be revised by this Court, although in some of our earlier cases, a contrary doctrine seems to have been asserted. But if the rule were otherwise, the question could not be made in the present case, by the defendants in error, as both trials resulted in their favor.
Judgment affirmed.